United States Court of Appeals
Fifth Circuit

**F I L E D**

**August 8, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 03-60190
Summary Calendar
_____

UNITED STATES OF AMERICA

Plaintiff - Appellee

v.

DARIC M. JOHNSON also known as, Skeeter

Defendant - Appellant

---------------------
Appeal from the United States District Court
for the Southern District of Mississippi
(02-CR-9)
---------------------

**ON REMAND FROM THE SUPREME COURT OF THE UNITED STATES**

Before JONES, BENAVIDES, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

The Supreme Court vacated the judgment in this case and remanded it to this Court to reconsider in light of *United States v. Booker*, 543 U.S. ___, 125 S. Ct. 738 (2005). In supplemental briefing requested by this Court, Johnson contends, and the government agrees, that resentencing is required because Johnson was sentenced in violation of the Sixth Amendment. We agree and

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

therefore vacate Johnson's sentence and remand to the district court for resentencing.

In October of 2002, a jury convicted Johnson of five counts of a six-count indictment. Count 1 charged Johnson with conspiracy to distribute in excess of 50 grams of cocaine base, in excess of 100 kilograms of marijuana, and in excess of 5 kilograms of cocaine hydrochloride in violation of 21 U.S.C. § 846. Counts 2 through 4 charged Johnson with three violations of 21 U.S.C. § 841(a)(1): possession with intent to distribute less than 50 kilograms of marijuana, possession with intent to distribute in excess of 5 but less than 50 grams of cocaine base, and possession with intent to distribute less than 500 grams of cocaine hydrochloride. Count 5 charged Johnson with being a convicted felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) and § 924(a)(2).

The district court sentenced Johnson under the United States Sentencing Guidelines. Johnson's base offense level of 38 relied on the district court's finding that Johnson was responsible for possessing in excess of 1.5 kilograms of cocaine base. *See* U.S.S.G. § 2D1.1(c). The district court also enhanced Johnson's offense level a total of six points for possessing a firearm during the commission of the offense and for taking a leadership role in the offense. *See* U.S.S.G. § 2D1.1(b)(1); U.S.S.G. § 3B1.1(a). This resulted in a total offense level of 44, but because the Sentencing Guidelines only provide for a maximum

level of 43, Johnson's sentence was calculated based on an offense level of 43. Combined with a criminal history category of VI, the Sentencing Guidelines yielded a sentence of life imprisonment, which the district court imposed.

During sentencing, Johnson objected to the district court basing the sentence on a drug quantity in excess of that found by the jury. He further objected to the enhancements for leadership and possession of a firearm because the jury never found Johnson played a leadership role in the offense or possessed a firearm during the offense. Johnson maintained these objections on appeal before this Court and again in his application for writ of certiorari before the Supreme Court.

While his application for writ of certiorari was pending, the Supreme Court issued its opinion in *Booker*. There, the Court held that, under the Sixth Amendment, a defendant may not be sentenced based on facts neither found by the jury nor admitted by the defendant under a mandatory sentencing scheme. *See Booker* 125 S. Ct. at 756.

In light of this holding, it is clear that Johnson's Sixth Amendment rights were violated. Johnson has adequately preserved his challenge to his sentence by raising objections at sentencing and on appeal. It is impossible on this record to say that the district court's error was harmless where the sentencing judge gave no indication that he was imposing the sentence independent of the Sentencing Guidelines. *See United States v. Mares*, 402

F.3d 511, 520 n.9 (5th Cir. 2005) (where a defendant has preserved a *Booker* challenge in the district court, "we will ordinarily vacate the sentence and remand, unless we can say the error is harmless.") Consequently, Johnson is entitled to resentencing in accordance with the principles of *Booker*.

We VACATE Johnson's sentence and REMAND to the district court for resentencing.